## ELDREDGE vs. AUSTIN and another.

EQUITY. *Fraud in conveyance of land: Evidence.*

This court, differing from the trial court, is of opinion that there is no sufficient evidence that the purchase price of land here sought to be subjected to the payment of plaintiff's judgment against A., was paid by A., and not by his codefendant, or that the conveyance of said land to such codefendant, instead of to A., was made in fraud of A.'s creditors.

APPEAL from the Circuit Court for *Dane* County.

*Welch & Botkin*, for the defendants, who were also appellants.

*Rufus B. Smith*, for respondent.

COLE, J. The object of this action is to subject the real estate described in the complaint to the payment of certain judgments recovered by the plaintiff against the defendant *Austin.* In March, 1871, and before the recovery of these judgments, the property had been conveyed by Isaiah Prescott and wife to the other defendant, *Emily E. Dodge.* But the allegation in the complaint is, that the real estate was actually purchased by *Austin* and paid for by him with his own money, and that he caused the conveyance to be made to *Miss Dodge* for the purpose of placing the property beyond the reach of his creditors. It is also alleged that *Miss Dodge* was a party to this intended

fraud, and that she never paid any portion of the purchase money ; and that therefore the conveyance should be adjudged void as against the plaintiff.

The circuit court found that these allegations were sustained by the evidence, and granted the relief demanded. After a careful consideration of the testimony in the case, we have been unable to reach the conclusion that the conveyance is fraudulent. It is true, quite an effort was made on the part of the plaintiff to establish the fact that *Miss Dodge* was in destitute circumstances, and could not have paid for the property with her own means. If it could be shown that *Austin* actually paid for the property, it would tend strongly to raise a presumption that the transaction was fraudulent. But while there is evidence which tends to support such a presumption, yet we think the weight of testimony is against it. And we think it a fair and legitimate inference from the whole testimony, that *Miss Dodge* had sufficient means — moneys which she had earned by her own labor, and the proceeds of the sale of her mother's household effects, — to pay for this real estate, and that she did in fact pay the purchase money. These facts, we think, are established by the weight of evidence. At all events, the opposite conclusion is not sustained by any such clear and satisfactory evidence as to justify the court in holding that the deed is fraudulent as to the creditors of *Austin*. We shall enter upon no discussion of the testimony, but merely state our conclusion from it. In the state of the proof we are unable to say that the conveyance is fraudulent, and that the property was purchased and paid for by *Austin*.

*By the Court.* — The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.